UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RALPH BABY JONES, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-cv-2875-RLW |
| | ) |
| RANDALL DAVIS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Ralph Baby Jones, a prisoner, for leave to commence this action without payment of the required filing fee. For the following reasons, the Court will grant plaintiff's motion, and assess an initial partial filing fee of $40.97. In addition, the Court will dismiss all but plaintiff's individual capacity claims against Ryan Buscemi and Edward Gonzales.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

1

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the period immediately preceding the submission of his complaint. The account statement shows an average monthly deposit of $204.84, and an average monthly balance of $25.13. The Court will therefore order plaintiff to pay an initial partial filing fee of $40.97, which is twenty percent of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, inter alia, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim

2

for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, an inmate at the Potosi Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights. He seeks monetary relief against Randall H. Davis (a bail bondsman), Johnathan Alfaro (a "bounty hunter"), and St. Louis City police officers Ryan Buscemi and Edward Gonzales, III. Plaintiff sues all defendants in an official and individual capacity.

According to the complaint, plaintiff was driving in St. Louis on February 12, 2014 when an unknown vehicle intentionally swerved into his lane, causing a collision. Plaintiff sped away from the scene, and the unknown vehicle followed. After a long chase, plaintiff saw Officers Buscemi and Gonzales sitting in a marked police car. Plaintiff approached them to seek their protection. The unknown vehicle then arrived, and Davis and Alfaro exited. They identified themselves and stated they were pursuing plaintiff because he was wanted for jumping bail. The police officers then took plaintiff into custody, handcuffing him.

After plaintiff was handcuffed, Alfaro said he wished he could "do something" to plaintiff. (Docket No. 1 at 5). Buscemi replied: "Go ahead I ain't seen nothing." *Id.* Plaintiff states: "[g]etting the green-light to assault me from Officer Buscemi and the other two men, standing there, Alfaro walked over to me, as I laid on the ground handcuffed, and began

3

stomping on my leg/thigh." *Id.* Alfaro then raised plaintiff up and punched him very hard in the right eye. The police officers summoned paramedics, who took plaintiff to St. Louis University Hospital. Plaintiff was told his eye would have to be surgically removed. He seeks $3.5 million in damages.

## Discussion

Plaintiff's claims against Davis and Alfaro are not cognizable in these proceedings. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant's alleged conduct deprived the plaintiff of a federally-protected right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). A person acts under color of state law when he acts in his official capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *See West v. Atkins*, 487 U.S. 42, 49 (1988), *Parker v. Boyer*, 93 F.3d 445, 447-48 (8th Cir. 1996). The requirement that a defendant acted under "color of state law" is jurisdictional. *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). Private conduct is beyond the reach of § 1983 "no matter how discriminatory or wrongful" that conduct may be. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (internal citations omitted).

In the case at bar, plaintiff does not allege that Davis or Alfaro acted under color of state law for purposes of § 1983. In addition, the Eighth Circuit has recognized that bail bonding is a private function. *U.S. v. Rose*, 731 F.2d 1337, 1345 (8th Cir. 1984) (bondsmen were exercising, on behalf of the bail bonding company, a private contract right outside the jurisdiction of the courts and law enforcement officials of the state). Plaintiff's claims against Davis and Alfaro will therefore be dismissed. *See Van Pelt v. St. Clair*, 968 F.2d 763, 764 (8th Cir. 1992) (affirming district court's pre-service dismissal of a § 1983 action when there was no assertion

4

that the defendant was a state actor); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (dismissal is appropriate if the claim is based on "indisputably meritless legal theory").

Plaintiff's official capacity claims against Buscemi and Gonzales will also be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him, which in this case is the St. Louis City Police Department. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Municipal departments, such as police departments, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Even if plaintiff had named a proper party defendant, the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

Having liberally construed the complaint, the Court concludes that plaintiff's individual capacity claims against Buscemi and Gonzales survive initial review.[1] The Clerk of Court will be directed to serve process upon Gonzales and Buscemi in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall pay an initial filing fee of $40.97. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:

---

[1] The allegations in the instant complaint are based upon the same facts as the allegations plaintiff brought in a previous case that was dismissed without prejudice as to Gonzales and Busemi pursuant to 28 U.S.C. § 1915(e)(2)(B), inasmuch as plaintiff sued them in only their official capacities. *See Jones v. Davis, et al.*, Case No. 4:15-cv-1546-CAS (E.D. Mo. Mar. 21, 2016). However, plaintiff now sues them in an individual capacity as well.

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all of plaintiff's claims against Randall Davis and Jonathan Alfaro are **DISMISSED** without prejudice. A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against Ryan Buscemi and Edward Gonzales and are **DISMISSED** without prejudice. A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall cause process to issue as to Ryan Buscemi (DSN 0964) and Edward Gonzales (DSN 5319) pursuant to the waiver of service agreement this Court maintains with the St. Louis City Counselor's Office.

Dated this 31st day of January, 2018.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE