**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RALPH BABY JONES, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   Case No. 4:17-cv-02875 SEP |
| RYAN BUSCEMI, et al., | ) ) ) |
|       Defendants. | ) |

**Memorandum and Order**

This case is before the Court on Plaintiff Ralph Baby Jones's Renewed Motion for Contempt and Body Attachment. Doc. [67]. For the reasons below, Jones's motion will be denied, but the Court will require the witness to appear and show cause why he should not be sanctioned for defiance of this Court's orders.

**I.     BACKGROUND**

On July 30, 2019, this Court issued a subpoena to Phillip March, a non-party, requiring him to testify at a deposition to take place on August 15, 2019. Doc. [67-1]. Jones alleges that March witnessed the events that gave rise to this lawsuit. *Id*. ¶¶ 1, 2. March appeared at the August 15th deposition, but refused to provide any substantive testimony about what he had witnessed. One week after the deposition, Jones filed a Motion for Contempt and Body Attachment against March based on his failure to comply with a validly issued subpoena. Doc. [43].

In response to Jones's Motion, this Court ordered supplemental briefing on its authority to hold a non-party witness in contempt and to issue against the witness a writ of body attachment. Doc. [50]. Jones filed supplemental briefing on this issue and moved, in the

alternative, to compel March's compliance with the subpoena. Docs. [51], [52]. On December 5, 2019, this Court granted Jones's Motion to Compel and denied without prejudice his Motion for Contempt and Body Attachment. Doc. [58]. The Court's Order "compelled [March] to attend and give substantive testimony under oath at a deposition at a time and place convenient to the parties no later than **December 26, 2019**." *Id*. at 2.

To date, March has not complied with the Court's December 5th Order. Jones's counsel has made repeated attempts to contact March, but has not been successful. Doc. [67] ¶¶ 26, 32. Accordingly, Jones has renewed his Motion for Contempt and Body Attachment. *Id*. Defendants have not filed any opposition to Jones's Motion and their time for doing so has expired.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 45(g), "the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Additionally, this Court "has inherent power to enforce compliance with its lawful orders and mandates." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975). Neither Rule 45 nor the Court's inherent contempt power is limited to the parties of a dispute. On the contrary, "[i]t is the responsibility of *every citizen* to respond to [a lawful subpoena] . . . and it is within the court's power to force that response." *Id*. at 1340-41 (emphasis added) (internal citation omitted).

Still, "[t]he remedy of body attachment is a drastic one." *N.L.R.B. v. Pease Oil Co.*, 311 F.2d 87, 88 (2nd Cir. 1962) (per curiam). Courts issue writs of body attachment sparingly, and usually only after providing clear warnings and several opportunities to respond. *See, e.g., Achors v. FCA US, LLC*, No. 1:15-cv-02052-SEB-MPB, 2017 WL 9531998, at *2 (S.D. Ind.

Oct. 19, 2017) (writ of body attachment for non-party who had defied a subpoena issued only after an order to show cause indicating that failure to comply would result in writ of body attachment); *Iron Workers St. Louis Dist. Council Annuity Trust v. Miler Buldg. Group, LLC*, No. 4:14–CV–1298–JAR, 2015 WL 1442801, at *2 (E.D. Mo. Mar. 27, 2015) (finding defendant in contempt only after failure to appear at show cause hearing on contempt motion); *Anthony Marano Co. v. A. Stallone, Inc.*, No. 00 C 8019, 2002 WL 31875471, at *3 (N.D. Ill. Dec. 24, 2002) ("Again the District Judge ordered the individual defendants to appear, and suggested that a body attachment might issue if they continued to disregard court orders.").  Accordingly, the Court will require March to appear and show cause why he should not be sanctioned for his failure to comply with the Court's orders.  If March should fail to appear in response to this Order, then a writ of body attachment will issue.

Accordingly,

**IT IS HEREBY ORDERED** that March shall appear before this Court on **Tuesday, July 28, 2020, at 1:00 pm** to show cause why the Court should not hold him in contempt. Failure to appear on March's part shall result in issuance of a writ of body attachment.

**IT IS FURTHER ORDERED** that Jones's Renewed Motion for Contempt and Body Attachment (Doc. [67]) is denied without prejudice.

**IT IS FINALLY ORDERED** that Jones's counsel shall serve a copy of this order by

sending it via registered mail to March's last known address no later than **Monday, July 13, 2020**.

Dated this ___7th___ Day of July, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE