UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALPH JONES, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17-CV-02875-SEP |
| | ) |
| RANDALL DAVIS, *et al.*, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Before the Court is Defendants Officer Edward Gonzales's and Officer Ryan Buscemi's Motion for Sanctions.  Doc. [89].  For the reasons set forth below, the Motion is denied.

#### FACTS AND BACKGROUND

Plaintiff Ralph Jones filed this action on December 14, 2017, alleging violations of his constitutional rights under 42 U.S.C. § 1983.  Doc. [1].  Plaintiff alleges that, on February 2, 2014, an unknown vehicle pursued him in a high-speed car chase through South St. Louis City. *Id.* at ¶ 1.  Plaintiff eventually evaded the chase and spotted a marked St. Louis City Police vehicle.  *Id.* at ¶ 2.  Plaintiff approached the vehicle and asked Officers Gonzales and Buscemi for assistance.  *Id.* at ¶ 3.  Shortly thereafter, the unknown vehicle arrived at the scene, and the occupants of the car identified themselves as Randall Davis and Jonathan Alfaro, two bounty-hunters with Randall-Davis Bailbonds Co., who were pursuing Plaintiff for bail-jumping.  *Id*. at 3.  In addition to Mr. Davis and Mr. Alfaro, who identified themselves first at the scene, Phillip March, a consultant to the bondsmen, was also present in the vehicle.  Doc. [91] at 4.

Plaintiff was then detained by Officers Gonzales and Buscemi.  Doc. [1] at ¶ 4.  During his detention, Plaintiff alleges that Mr. Alfaro assaulted him, causing severe injury to his right eye.  *Id.* at ¶ 5-6.  Plaintiff brought this suit against Officers Gonzales and Buscemi, and Mr. Davis and Mr. Alfaro.  *See* Doc. [1].  Plaintiff's claims against Mr. Davis and Mr. Alfaro were subsequently dismissed by the Court on January 31, 2018.  Doc. [8].

Defendants' counsel served Plaintiff with their First Requests for Production and First Interrogatories on May 31, 2019.  Doc. [89] at 2.  Defendants' Request for Production Number 2 asked Plaintiff to produce "[a]ll statements or memoranda of statements of any person having knowledge concerning the facts of the case, excluding communications between Plaintiff and

1

Plaintiff's attorneys." Doc. [89-2] at 2. Plaintiff responded to that request on July 26, 2019. *See id.* Plaintiff objected,[1] but responded that "any 'statements' that allegedly exist are equally or more readily available to Defendants." *Id.* at 3.

Additionally, Defendants' Interrogatory Number 6 requested that Plaintiff disclose the names of individuals who witnessed the alleged incident on February 2, 2014, or who were present at the scene within 90 minutes of the incident. Doc. [89-3] at 6. Plaintiff again made general objections, but he listed Phillip March as an individual who was present at the scene. *Id.* at 7. Interrogatory Number 7 then asked Plaintiff to disclose any "written or recorded statements" from individuals listed in Interrogatory Number 6. *Id.* at 7. Plaintiff objected on the same grounds, and again asserted that "any 'statements' allegedly obtained are equally or more readily available to Defendants." *Id.* at 8.

Roughly two weeks after the discovery responses were served, on August 6, 2019, Plaintiff's counsel conducted an interview privately with Mr. March. *See* Doc. [89] at 1. Defendants' Motion for Sanctions centers around that interview. During the interview, Mr. March told Plaintiff's counsel that he witnessed Mr. Alfaro punch Plaintiff in the eye while he was detained, and that Defendants "laughed about it." Doc. [97] at 2. Nine days after the interview, on August 15, 2019, Mr. March appeared for his first deposition but refused to give substantive testimony regarding the events of February 2, 2014. Doc. [52-3]. That day, Plaintiff's counsel discussed the interview with Defendants' counsel and summarized its contents.[2] *Id.* Despite that discussion, Plaintiff never supplemented his July 26, 2019, responses to the First Requests for Production or First Interrogatories, nor did he assert that the recorded interview constituted work product. Doc. [89] at 4.

In the months following the non-responsive deposition, the Court entered an Order of Contempt and Writ of Body Attachment to compel Mr. March's deposition testimony. *See* Doc.

---

[1] In responding to the discovery requests at issue, Plaintiff continuously made numerous general objections, including that certain requests lacked "temporal limitations" and were "overbroad, unduly burdensome, and oppressive." Doc. [89-2]. Although Plaintiff made these general objections, he did not assert a work product objection in response to the discovery requests.

[2] Defendants do not contest that the conversation between Defendants' Counsel, Brandon Laird, and Plaintiff's Counsel, Derek Albers, occurred. Defendants allege that Mr. Laird was not aware that Plaintiff's counsel had an audio recording of the interview. Even if Mr. Albers did make the recording known, Defendants contend that any such comments are "irrelevant to the legal analysis" because Plaintiff still failed to produce the recording and did not claim a work product exception. Doc. [98] at 3.

2

[72]. As a result, it appeared to the parties that the deposition of Mr. March may finally occur. Doc. [89] at 4. Defendants allege that, anticipating the upcoming deposition, Mr. Laird warned Plaintiff's Counsel, Taylor Essner, on July 28, 2020, that any statements or recordings in Plaintiff's possession needed to be produced. *Id.* Defendants contend that Mr. Laird also advised Mr. Essner that, if Plaintiff objected on the basis of the work product protection, he must say so. *Id.*

On October 13, 2020, the parties were finally able to conduct a deposition of Mr. March pursuant to court order. Doc. [97] at 1. At that deposition, Plaintiff produced a recording of the August 6th interview in an attempt to impeach Mr. March because he "was not telling the complete truth." *Id.* at 2. At that time, Defendants objected to the use of the exhibit, claiming that the exhibit was "never produced pursuant to Rule 26 or in response to any discovery requests by [D]efendants." Doc. [91] at 10. Roughly six weeks later, on December 3, 2020, Plaintiff produced the audio recording, citing an alleged work product objection as the reason that he had not produced it along with his other discovery responses. *Id.* at 5.

Now Defendants argue that Plaintiff violated Rule 26(e) of the Federal Rules of Civil Procedure by failing to supplement his discovery responses once he obtained the transcript and audio recording of Mr. March's interview. Defendants also allege that Plaintiff failed to properly assert a work product objection pursuant to Rule 26(b)(5). These violations, Defendants contend, were prejudicial and warrant sanctions under Rule 37(c)(1). Plaintiff asserts that he did not violate the Federal Rules of Civil Procedure, and even if disclosure of the transcript and audio was required, the violation did not result in harm or prejudice to Defendants.

**LEGAL STANDARD**

Under Rule 26(e) of the Federal Rules of Civil Procedure, a party who has disclosed information under Rule 26(a) or responded to an interrogatory, request for production or request for admission "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). Whether a party has a duty to supplement is "committed to the sound discretion" of the court. *Phil Crowley Steel Corp. v. Macomber, Inc.*, 601 F.2d 342, 344 (8th Cir. 1979).

3

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). One purpose of discovery is to "eliminate unfair surprise," and "Rule 37's enforcement mechanism helps accomplish this purpose." *Certain Underwriters at Lloyd's v. SSDD, LLC*, No. 4:13-cv-193-CAS, 2014 U.S. Dist. LEXIS 93706, at *3 (E.D. Mo. July 10, 2014) (internal quotation marks omitted) (citing *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011)). However, "Rule 37 does not provide for mandatory sanctions" and the court may determine that failure to produce information was "substantially justified or harmless." *Radha Giesmann, MD, P.C. v. Am. Homepatient, Inc.*, No. 4:14-cv-1538-RLW, 2017 WL 2709734, at *2 (E.D. Mo. June 22, 2017) (internal quotation marks omitted) (quoting *Davis v. U.S. Bancorp, 383 F.3d 761*, 765 (8th Cir. 2004)). "The offending party has the burden to show that the failure to disclose was "substantially justified or harmless." *Id.* (quoting *Seubert v. FFE Transp. Servs., Inc.*, No. 4:11-cv-01651-AGF, 2013 WL 827547, at *1 (E.D. Mo. Mar. 6, 2013)).

Courts consider the following four factors in "determining whether a Rule 26 violation is justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Rodrick v. Wal-Mart Stores East, L.P.*, 666 F.3d 1093, 1097-98 (8th Cir. 2012) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)). "[T]he Court need not make explicit findings concerning the existence of a substantial justification or the harmlessness." *Id*. at 1097 (citing *Jacobsen*, 287 F.3d at 953). Indeed, the Court has "wide discretion to fashion a remedy or sanction appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 *8th Cir. (1998)). The Eighth Circuit has warned that "the exclusion of evidence is a harsh penalty and should be used sparingly." *ELCA Enters v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995). "Where the sanction imposed is tantamount to dismissal or would result in a one-sided trial, the court must consider whether a less drastic sanction is appropriate." *Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-cv-5032-DGK, 2015 U.S. Dist. LEXIS 181185, at *14 (W.D. Mo., June 20, 2014) (citing *Doe*, 664 F.3d at 734).

4

## DISCUSSION

**I.     Plaintiff violated Rule 26(e) of the Federal Rules of Civil Procedure by failing to produce the record of the August 6th interview of Mr. March.**

Plaintiff contends that he did not violate Rule 26(e) because the August 6th interview of Mr. March was otherwise made known to Defendants during the discovery process. Doc. [97] at 5. Plaintiff recalls that Mr. Albers, Plaintiff's counsel, "immediately" told Brandon Laird, Defendants' counsel, about the existence of the interview and recording of Mr. March after the first deposition ended on August 15, 2019. *Id.* Further, Plaintiff claims that he made reference to the interview multiple times in writing throughout the discovery process, including in his Motion for Contempt, and in his Motion in Opposition to Defendants' Motion for Summary Judgment in December 2019. *Id.* at 7. Despite this knowledge, Plaintiff notes that Defendants never followed up to seek a copy of the transcript and recording. Doc. [97] at 9.

Defendants, on the other hand, argue that mere notice that the interview with Mr. March occurred is not equivalent to disclosure of the transcript and audio recording, as was required by the Request for Production and Interrogatories. Doc. [104] at 3. Moreover, Defendants claim that, although the Federal Rules of Civil Procedure do not require that a party "follow up" on a failure to disclose evidence, they did in fact remind Plaintiff's counsel that he must produce any existing recordings of the August 6th interview. *Id.* at 4.

The Court agrees that Plaintiff's failure to supplement the Request for Production Number 2 and Interrogatories Numbers 6 and 7 violated Rule 26(e). Although the record does not suggest that Plaintiff acted in bad faith by failing to supplement his discovery responses, Defendants were nonetheless entitled to the interview materials at the time they were produced.

Nor does Plaintiff's alleged attempts to invoke a work product exception excuse his failure to supplement pursuant to 26(e). *See* Doc. [97] at 8. Plaintiff points to precedent suggesting that "[d]iscovery of a witness statement to an attorney is generally not allowed if that witness is available to the other party." *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Even accepting that as true, however, Rule 26(b)(5) specifically requires that:

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

5

Fed. R. Civ. P. 26(b)(5)(A). At no point throughout the discovery process did Plaintiff's counsel "expressly" claim that the August 6th interview was protected by the work product exception. It is not enough that Plaintiff told Defendants' counsel about the interview "numerous times" or even that its existence was referenced in other filings. Doc. [9] at 9. Plaintiff was required to expressly notify Defendants of the evidence he withheld and on what basis he was withholding it. He did not do so. Therefore, Plaintiff violated Rule 26(e).

II.     **Plaintiff's failure to disclose the transcript and audio recording of the August 6th interview with Mr. March was harmless to Defendants.**

Plaintiff contends that, even if his failure to supplement violated Rule 26(e), the violation was nonetheless substantially justified and harmless to Defendants. Defendants allege that they were prejudiced by the failure to produce the transcript and audio because they were deprived of "adequate time in advance of the deposition to craft appropriate questions for Mr. March." Doc. [89] at 9. Additionally, Defendants claim that they were denied the opportunity to conduct more discovery in advance of the October 13, 2020, deposition that they otherwise would have, if they had been afforded access to the contents of the August 6th interview. Such additional discovery, they claim, would have included inquiring into Mr. March's relationship with Plaintiff and whether Mr. March communicated with Mr. Alfaro after the incident. This, according to Defendants, constituted unfair surprise and therefore the transcript and audio recording must be excluded under Rule 37(c)(1).

The Court considers the following four factors in determining whether a Rule 26 violation is justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Rodrick*, 666 F.3d 1093, 1097-98 (8th Cir. 2012) (citing *Jacobsen*, 287 F.3d at 953)).

Under the circumstances, there was no unfair surprise to Defendants by Plaintiff's failure to supplement his discovery answers before the October 13, 2020, deposition of Mr. March. While complete disclosure is required under Rules 26(a) and (e), Plaintiff still informed Defendants of the substance of the interview well before the deposition occurred. To the extent that the lack of access to the transcript and audio prejudiced Defendants, they have had ample opportunity to cure it. As Plaintiff notes, the deposition of Mr. March lasted only one hour and

6

five minutes. Doc. [97] at 11. Defendants' counsel had plenty of time to request a break and review the transcript to better prepare for cross-examining Mr. March. Additionally, discovery is still ongoing in this case and Defendants are permitted to continue exploring new information in light of Mr. March's testimony at the October 13, 2020, deposition. *See id*. at 12.

The Court also agrees with Plaintiff that allowing Mr. March's testimony to be presented in the future would not disrupt proceedings or trials. *See id.* Plaintiff states that the use of the transcript or audio would "likely only be used for impeachment purposes if Mr. March contradicts himself on the stand." *Id.* There is no evidence that presentation of this evidence would be unduly disruptive, and it would be premature, at this time, to exclude otherwise relevant evidence from trial where there has not been incurable prejudice to Defendants.

Finally, there is no evidence on this record that Plaintiff acted in bad faith to withhold evidence from Defendants. In fact, it is undisputed that Plaintiff's counsel disclosed the existence of the interview to Defendants' counsel as early as nine days after the interview.

After considering the relevant factors, the Court finds that Plaintiff's failure to disclose the transcript and audio recording of Mr. March's August 6th interview was harmless to Defendants, and exclusion of the interview in future motions or trial is unwarranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions is **DENIED**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 30th day of September, 2021.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE