UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALPH BABY JONES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-02875-SEP |
| | ) |
| RYAN BUSCEMI, ET AL., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant Officer Edward Gonzales's Motion for Summary Judgment. Doc. [85]. For the reasons set forth below, the Motion is denied.

### FACTS AND BACKGROUND

Plaintiff Ralph Jones filed this action on December 14, 2017, alleging violations of his constitutional rights under 42 U.S.C. § 1983. Doc. [1]. Specifically, Plaintiff alleges that, on February 2, 2014, he was involved in an automobile chase with an unknown vehicle. *Id.* ¶ 1. Fearing for his safety, Plaintiff evaded the unknown vehicle until he spotted a St. Louis City Police patrol car nearby. *Id.* ¶¶ 2-3. Plaintiff exited his car and ran to the police vehicle, where he then approached Officers Edward Gonzales and Ryan Buscemi, and asked them for protection from the individuals in the vehicle chasing him. *Id.* ¶¶ 3-4. Moments later, the vehicle that had been following Plaintiff arrived at the scene. *Id.* ¶ 3. The two men in the vehicle revealed themselves as Mr. Randall Davis and Mr. Jonathan Alfaro, two bounty-hunters associated with Randall Davis Bail Bonds Company. *Id.* ¶ 3.

After Mr. Davis and Mr. Alfaro explained that Plaintiff was wanted for bail-jumping, Plaintiff alleges that Officers Buscemi and Gonzales "pounc[ed] on [him]," handcuffed him, and placed him on the ground. *Id.* ¶¶ 4-5. Plaintiff contends that Mr. Alfaro then said, "I wish I can [sic] do something to [Plaintiff]." Doc. [101] at 7. Officer Buscemi allegedly replied to Mr. Alfaro, "[g]o ahead. I ain't seen nothing." *Id.* Plaintiff contends that Mr. Alfaro then raised him from the ground and struck him in his right eye, severely injuring him. Doc. [1] ¶ 6. Soon after the alleged strike, Plaintiff was moved from the ground where he was detained in the back of the

1

patrol car.  Doc. [101] at 10.  During the altercation, Plaintiff alleges that Defendant Gonzales remained "right in front" of the police vehicle at all times but did not attempt to deescalate the situation or prevent harm to Plaintiff.  Doc. [103] at 2-3.  Although Plaintiff was treated at St. Louis University Hospital shortly after his arrest, he experienced, and still experiences, pain in his eye and will require surgery to remove it.  Doc. [1] at 6; Doc. [101] at 9.

Defendant admits he "observed" Plaintiff for a "minute or two" between when he was handcuffed and when he was placed in the back of the police vehicle.  Doc. [103] at 4.  However, Defendant denies that "any physical force" was used on Plaintiff once he was placed in custody, and he states that he did not see Plaintiff get hit by Mr. Alfaro or anyone else.  Doc. [86-2] at 2; Doc. [86-3] at 1.  Defendant also denies hearing Mr. Alfaro say "I wish I could do something" to Plaintiff, or Officer Buscemi say "[g]o ahead… I ain't seen nothing."  Doc. [86] at 3.

Defendant filed this Motion for Summary Judgment on December 4, 2020.  Doc. [85]. Defendant asserts that Plaintiff cannot meet the requirements for establishing a violation of his constitutional rights under the Due Process Clause of the Fourteenth Amendment, and that the suit is barred under the doctrine of qualified immunity.  Doc [87].  Plaintiff responds that Defendant violated his constitutional rights under the Due Process Clause by failing to intervene and to protect him from harm.  He further argues that those rights were clearly established and, thus, Defendant is not eligible for qualified immunity.  Doc. [102].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary judgment if it finds, based on the factual record, that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).  The burden then shifts to the non-movant to "present specific

evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1079 (8th Cir. 2008)).

Motions for summary judgment in qualified immunity cases are "unique in that the court should not deny summary judgment any time a material issue of fact remains on the constitutional violation claim . . . ." *Jones v. McNeese*, 675 F.3d 1158 (8th Cir. 2012) (quoting *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 671 (8th Cir. 2007)) (cleaned up). Because qualified immunity "is an immunity from suit rather than a mere defense to liability[,]… it is effectively lost if a case is erroneously permitted to go to trial. *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Therefore, in a qualified immunity case, the court must "take a careful look at the record, determine which facts are genuinely disputed, and then view those facts in a light most favorable to the non-moving party so long as those facts are not so blatantly contradicted by the record that no reasonable jury could believe them." *Id.* (quoting *O'Neil v. City of Iowa City, Iowa*, 496 F.3d 915, 917 (8th Cir. 2007)) (cleaned up).

## DISCUSSION

Section 1983 of Title 42 of the United States Code provides in relevant part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State. . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Section 1983 is "not itself a source of substantive rights," but affords "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979)). Thus, in considering a Section 1983 claim, a court must "identify the specific constitutional right infringed." *Id.* at 271 (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). In some instances, a state actor's failure to intervene to prevent the deprivation of civil rights, or failure to provide certain protective services, may constitute a violation of constitutional rights for purposes of Section 1983. *See Sanchez v. City of Chicago*, 700 F.3d 919, 928 (7th Cir. 2012).

"Qualified immunity shields government officials from liability in a Section 1983 action unless their conduct violates a clearly established right of which a reasonable official would have known." *Burnikel v. Fong*, 886 F.3d 706, 709 (8th Cir. 2018) (citing *Harlow v. Fitzgerald*, 457

3

U.S. 800, 818 (1982)). Thus, a "qualified immunity analysis requires a two-step inquiry: (1) whether the facts shown by the plaintiffs make out a violation of a constitutional or statutory right, and (2) whether the right was clearly established at the time of the defendant's alleged misconduct." *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (en banc) (quoting *Nord v. Walsh Cnty.*, 757 F.3d 734, 738 (8th Cir. 2014)). "Unless both of these questions are answered affirmatively, [a defendant] is entitled to qualified immunity." *Id.* at 523 (quoting *Nord*, 757 F.3d at 738).

I.  **Genuine disputes of material fact prevent summary judgment as to the alleged violations of Plaintiff's rights.**

As Defendant acknowledges, "the Constitution requires a State to protect a person . . . when the person is in the State's custody . . . ." *Montgomery v. City of Ames*, 749 F.3d 689, 694 (8th Cir 2011) (cited by Doc. [87] at 3-4). Still, Defendant maintains that Plaintiff's claims against Officer Gonzales must fail, because Plaintiff cannot prove that Officer Gonzales's actions were "so egregious or outrageous as to 'shock the contemporary conscience,'" *Dodd v. Jones*, 623 F.3d 563, 567 (8th Cir. 2010) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1988)), nor establish that Officer Gonzales acted with deliberate indifference or purposeful intent to harm Plaintiff. Doc. [87] at 4-5 (citing *Dodd*, 623 F.3d at 567; *Lewis*, 523 U.S. at 836, 850-51).

It is the moving party's responsibility to demonstrate the absence of any *genuine dispute* over a *material* fact—that is, that no remaining factual dispute is so significant that it could affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Defendant cannot do that here. Among the many critical facts in dispute in this case are whether the Plaintiff was assaulted at all;[1] how far away Officer Gonzales was standing from Plaintiff and his assailant at the time of the alleged assault;[2] and whether third parties engaged in behavior and speech before the assault that would have alerted Officer Gonzales to the fact that Plaintiff was in danger.[3] All of those

---

[1] *Compare* Doc. [101] at 7 (asserting that Mr. Alfaro punched Plaintiff in the eye), *with* Doc. [103] at 4 (denying that Plaintiff was struck).

[2] *Compare* Doc. [101] at 7 (claiming that Defendant was in "close proximity" to Plaintiff when the assault occurred), *with* Doc. [103] at 2 (denying that Defendant was "right next" to Plaintiff as he laid on the ground).

[3] *Compare* Doc. [83] at 5 (alleging that Mr. Alfaro was "frustrat[ed] and said he wished he could "do something" to Plaintiff, to which Officer Buscemi replied, "[g]o ahead . . . I ain't seen nothing."), *with*

4

facts are material to whether Officer Gonzales's conduct was egregious or manifested deliberate indifference, and all of those disputes are genuine, in that resolving the dispute in Plaintiff's favor could cause a reasonable jury to find for Plaintiff. *Anderson*, 477 U.S. at 248.

On summary judgment, the Court views the facts in the light most favorable to Plaintiff and draws all reasonable inferences in his favor. Plaintiff has adduced evidence that he ran toward Defendant seeking protection from bounty-hunters who were chasing him, Doc. [101] at 8; that, after he was taken into custody, one of the bounty hunters who had been chasing him appeared "hyped" and "frustrated[ed]," and paced around Plaintiff while he was handcuffed and face-down on the ground, *id.* at 5, 8; that Defendant "constantly observed" Plaintiff while he was in handcuffs on the ground, from only a few feet away, *id.* at 8, 10; that while Plaintiff was on the ground, Mr. Alfaro stated, "I wish I can do something to him," to which Officer Buscemi replied, "[g]o ahead. I ain't seen nothing," *id.* at 9; and that Officer Buscemi then walked away from Plaintiff, and Mr. Alfaro proceeded to punch Plaintiff in the eye, *id.* [4]

Assuming Plaintiff's account of the circumstances of the arrest, Mr. Alfaro's demeanor, the exchange between Officer Buscemi and Mr. Alfaro, and Officer Gonzales's physical proximity to the Plaintiff, and drawing all reasonable inferences in Plaintiff's favor, a reasonable jury could conclude that Officer Gonzales acted with deliberate indifference or purposeful intent to harm Plaintiff, and that his conduct was so egregious as to shock the contemporary conscience. Therefore, the Court cannot award Defendant summary judgment on this record.

**II.     The Court cannot find that Defendant is entitled to qualified immunity.**

Defendant also contends that the Court should grant him qualified immunity because it would not have been clear to a reasonable officer in Defendant's situation that his conduct violated any clearly established right. *See Morgan*, 920 F.3d at 523.

---

Doc. [103] at 2-3 (denying that Mr. Alfaro was "hyped" or "animated" and that either Mr. Alfaro or Officer Buscemi made any comments about wanting to assault Plaintiff).

[4] Plaintiff's evidentiary showing is primarily his own sworn deposition, but as Defendant relies on only his own testimony as well, that does not diminish the relative credibility of Plaintiff's factual claims. *See e.g.*, *Phillips v. Pearson's Painting, Inc.*, 2014 WL 4443282 (D. Neb. Sept. 8, 2014) (finding that, where the only evidence submitted was two "dueling" affidavits, a rational jury could credit the testimony of either party, and thus, summary judgment was inappropriate); *cf. United States v. Stein*, 881 F.3d 853, 858-59 (11th Cir. 2018) ("A non-conclusory affidavit which complies with Rule 56 can create a genuine dispute concerning an issue of material fact, even if it is self-serving and/or uncorroborated.").

5

Defendant argues that Eighth Circuit precedent relating to a police officer's duty to intervene in another officer's use of excessive force would have led an officer in Defendant's position to believe that he was not liable for failure to intervene under the circumstances of this case.  Such liability has been found only "where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration." *Grider v. Bowling*, 785 F.3d 1248, 1253 (8th Cir. 2015).  Here, Defendant contends, there is no evidence that Defendant was aware that the violence was about to happen, nor that the abuse endured for a period of time that would have permitted Defendant to intervene, and therefore a reasonable factfinder could not infer tacit collaboration.  Accordingly, Defendant submits that his conduct did not violate any clearly established right under Eighth Circuit precedent.

Plaintiff disagrees, arguing that Defendant "clearly knew or had reason to know" that Plaintiff was at risk of excessive force after he was taken into custody by the officers, Doc. [102] at 6, citing all of the facts already stated above.  Between the circumstances of the arrest, Mr. Alfaro's demeanor, the exchange between Officer Buscemi and Mr. Alfaro, and Officer Gonzales's proximity to the events, Plaintiff believes he has presented sufficient evidence that Defendant knew or had reason to know that excessive force would be used against him, and that Defendant had the opportunity to intervene, thus establishing a violation of Plaintiff's clearly established right to intervention under such circumstances.

As noted above, the Court's job in a qualified immunity case is to "[t]ake a careful look at the record, determine which facts are genuinely disputed, and then view those facts in a light most favorable to the non-moving party so long as those facts are not so blatantly contradicted by the record that no reasonable jury could believe them." *Jones*, 675 F.3d at 1161-62 (quoting *O'Neil*, 496 F.3d at 917) (cleaned up).  Taking that careful look and viewing disputed facts in the light most favorable to Plaintiff, the Court cannot find that no reasonable jury could believe that Officer Gonzales was aware that violence was likely to ensue and had the time to intervene.

Both parties acknowledge that a police officer has a "duty to intervene to prevent the excessive use of force—where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration . . . ." *Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009).  Their dispute is over whether the circumstances of this case are sufficiently similar to those in which courts have found such awareness and duration that it would have been clear to a reasonable officer in Defendant's situation that his conduct violated any clearly

6

established right.  The answer to that question turns again on genuinely disputed material facts. *Compare* Doc. [101] at 6-7; Doc. [102] at 8 (asserting that Officer Gonzales was close enough to hear a threatening statement and to have intervened to prevent the ensuing abuse), *with* Doc. [86] at 3; Doc. [86-3] at 1 (denying that any such statement or abuse even occurred).

When material facts are in dispute on summary judgment, the Court is bound to view the facts in the light most favorable to the non-movant.  Viewing the record in that light, a reasonable factfinder could conclude that Officer Gonzales's awareness and the duration of the episode were sufficient to draw an inference of tacit collaboration.  *See Krout*, 583 F.3d at 565. Thus, the Court cannot find on this record that Plaintiff's rights to Officer Gonzales's intervention under the circumstances was not clearly established.  Accordingly, the Court cannot conclude at this stage that Officer Gonzales is entitled to qualified immunity from Plaintiff's failure to intervene claim.  *See Nance v. Sammis*, 586 F.3d 604, 606 (8th Cir. 2009) (denying summary judgment based on qualified immunity where "failure to take action to deescalate the situation if he had an opportunity and means to do so could establish liability" and factual disputes prevented the court from granting summary judgment).

Defendant's claim to qualified immunity from Plaintiff's failure to protect claim falters for similar reasons.  It has long since been understood that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and well-being." *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Gregory v. City of Rogers, Ark.*, 974 F.2d 1006, 1010 (8th Cir. 1992) (en banc) ("[T]he Due Process Clause imposes a duty on state actors to protect or care for citizens . . . in custodial and other settings in which the state has limited the individuals' ability to care for themselves . . ."). Nevertheless, Defendant maintains that there is no body of case law that would have put Defendant on notice that his conduct in this case violated that clearly established right.

The lack of precedent with identical facts is not dispositive.  "[A] general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question . . . ." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (quoting *United States v. Lanier*, 520 U.S. 259 (1997)), *cited with approval in Taylor v. Riojas*, 141 S.Ct. 52 (2002). Plaintiff believes that the circumstances were such that his right to protection obviously applied, pointing to the fact that he was restrained and lying face down on the ground before the assault,

7

and that Defendant himself acknowledged that to allow someone to punch him while he was in that position would have been a violation of Defendant's duty.  Doc. [102] at 14 (Defendant testifying that "once [Plaintiff] was in custody, he's in our custody and we don't hit our prisoner"); *see also* Doc. [101-2] at 13 (Defendant's testimony that, if one of the bounty hunters had struck Plaintiff, "they would have probably been locked up too").

Once again, the parties' respective positions rest on wildly divergent versions of the facts. The same disputed facts are material to the failure to protect claim as were material to the failure to intervene claim.  Defendant's awareness of the impending assault, the statements made by Officer Buscemi and Mr. Alfaro, and Defendant's proximity to Plaintiff at the time of the assault all affect whether the circumstances were such that a reasonable officer would have known that his conduct violated Plaintiff's clearly established right to protection while in custody.  Again, at summary judgment, the Court is bound to view the facts in the light most favorable to the Plaintiff, "so long as those facts are not so blatantly contradicted by the record that no reasonable jury could believe them." *Jones*, 675 F.3d at 1161-62 (quoting *O'Neil*, 496 F.3d at 917) (cleaned up).  Plaintiff's testimony is not so blatantly contradicted by the record that no reasonable jury could believe it. *See supra* note 4.  Thus, a reasonable jury could find based on facts in the record that a reasonable officer in Officer Gonzales's position would have known that his conduct violated Plaintiff's constitutional right to protection.

## Conclusion

The material facts at the core of Plaintiff's claims are contested.  As a result, Defendant cannot show that he is entitled to judgment as a matter of law as to Plaintiff's claims.  *See Celotex*, 477 U.S. at 322.  The disputed record also makes it impossible for the Court to conclude at this stage that Defendant is entitled to qualified immunity.  *See Nance*, 586 F.3d at 606.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Officer Edward Gonzales's Motion for Summary Judgment (Doc. [85]) is **DENIED.**

A separate Judgment shall accompany this Memorandum and Order.

Dated this 30th day of September, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE