UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALPH BABY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-02875-SEP |
| | ) |
| RANDALL DAVIS et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court are the parties' Motions in Limine, Docs. [130], [132], and Defendants' Motion for Leave to Amend Answers, Doc. [144]. The rulings on the Motions in Limine are set forth below. Additionally, for the reasons stated below, Defendants' Motion for Leave to Amend is denied.

**A. Plaintiff's Motions in Limine**

***1. Plaintiff's Arrests, Criminal Convictions, and Prior Bad Acts***

Plaintiff asks the Court to bar evidence of his prior arrests, convictions, and bad acts because such evidence is both irrelevant and unduly prejudicial. Doc. [130] ¶ 1. Defendants contend that evidence of Plaintiff's prior convictions is admissible for impeachment purposes under Federal Rule of Evidence 609. Doc. [141] ¶ 1.

Evidence of certain criminal convictions is admissible in civil cases for the limited purpose of attacking a witness's character for truthfulness. Fed. R. Evid. 609(a). They include: (1) felony convictions (subject to Federal Rule of Evidence 403); and (2) convictions for any crime that contains as an essential element a "dishonest act or false statement." Fed. R. Evid. 609(a)(1)-(2). When 10 years have passed since the witness's conviction or release from confinement, whichever is later,[1] evidence of that conviction becomes presumptively inadmissible, *United States v. Stoltz*, 683 F.3d 934, 939 (8th Cir. 2012), and may be admitted

---

[1] For clarity, "Rule 609(b)'s '[ten-year] clock starts at the witness's release from any *physical* confinement, or in the absence of confinement, the date of conviction.'" *United States v. Stoltz*, 683 F.3d 934, 938 (8th Cir. 2012) (quoting *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008)). "Confinement" does not include periods of probation. *Id*. (quoting *Rogers*, 542 F.3d at 201).

1

only if: (1) "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect"; and (2) the proponent gives the opposing party "reasonable written notice of the intent to use it" at trial, Fed. R. Evid. 609(b).

      a.  The 10-Year-Old Felony Convictions

Defendants represent that Plaintiff has eight prior felony convictions,[2] six of which are older than 10 years. Defendants do not represent whether Plaintiff was incarcerated for any of those offenses, or when he was released from any such incarceration. As a result, the Court cannot determine whether Rule 609(b)'s presumption of inadmissibility applies to the 1991, 1986, 2002, 2007, and 2009 offenses. Assuming that it does, Defendants have not overcome that presumption by showing "specific facts and circumstances" that the convictions' probative value "substantially outweighs their prejudicial effect." Fed. R. Evid. 609(b). Therefore, absent a showing that Plaintiff was released for any of those offenses more recently than 10 years ago, evidence of those convictions will not be admitted. If such a showing is made between now and the beginning of trial as to any of those convictions, the Court will reconsider the admissibility of evidence of that conviction.

      b.  The November 6, 2015, Felony Convictions

Defendants assert that Plaintiff was convicted of second-degree assault and leaving the scene of an accident on November 6, 2015, and that these crimes relate to the facts at the heart of this lawsuit. Doc. [141] at 1-2. Plaintiff does not dispute the admissibility of evidence related to the crimes Plaintiff has been convicted of committing on the day of the incident. Therefore, such evidence will not be excluded.

      c.  The April 28, 2020, Felony Conviction

Defendants seek to impeach Plaintiff with evidence of an April 28, 2020, conviction for a felony drug distribution charge. Doc. [141] at 3. Plaintiff contends that evidence of his conviction for this offense is both irrelevant and unduly prejudicial. Doc. [130] ¶ 1. Plaintiff has not persuaded the Court that the recent drug distribution conviction is not relevant to Plaintiff's credibility, nor that its prejudicial effect will "substantially outweigh" its probative

---

[2] Defendants represent that Plaintiff was convicted of felonies on: (1) March 11, 1986, (2) September 9, 1991, (3) April 11, 2002, (4) December 13, 2007 (x2), (5) August 26, 2009, (6) November 6, 2015, and (7) April 28, 2020. Doc. [141] at 3.

2

value. Fed. R. Evid. 403. Therefore, evidence of the 2020 felony conviction is admissible for impeachment purposes under Rule 609(a)(1)(A).

        d. The Misdemeanor Convictions

Finally, Defendants assert that Plaintiff's misdemeanor convictions are admissible under Federal Rule of Evidence 609(a)(2) because they contain an element of a dishonest act or false statement. Doc. [141] at 2. Defendants represent that Plaintiff was convicted on April 28, 2020, for resisting arrest and tampering with physical evidence. *Id*. at 3. Additionally, Defendants represent that those convictions relate directly to the factual events at the heart of this lawsuit. *Id*. at 2.

"'Rule 609(a)(2) refers to crimes such as perjury[,] false statement, criminal fraud, embezzlement, or any other offense in the nature of *crimen falsi*.'" *United States v. Cavanaugh*, 476 F. Supp. 3d 916, 919 (D.N.D. Aug. 5, 2020) (quoting *Stoltz*, 683 F.3d at 939). "'Ordinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement.'" *Id*. (quoting *United States v. Jefferson*, 623 F.3d 227, 234 (5th Cir. 2010)). "'Evidence of convictions requiring proof or admission of an act of dishonesty or false statement is automatically admissible and not subject to Rule 403 balancing by the court.'" *Id*. (quoting *United States v. Collier*, 527 F.3d 695, 700 (8th Cir. 2008)).

Defendants have made no representations regarding the statutory elements for these misdemeanor offenses, and instead make general assertions that those offenses involve deceit. Doc. [141] at 2. Lacking any showing that the misdemeanor offenses involved any statutory element requiring proof of dishonesty or false statement, the Court finds that they are not admissible under Rule 609(a)(2).

Although Defendants have not made their Rule 609 showing, they also contend that the misdemeanor offenses are integral to the case because the bail bondsmen pursued Plaintiff for bail jumping on a case wherein those charges were brought. The fact that Plaintiff was on bond for the pending misdemeanors may well be integral to the facts of this case and relevant for providing context, but his convictions for those misdemeanors occurred long after the events at issue and are decidedly not integral to them. Therefore, assuming all of the other rules of evidence are satisfied, Defendants may introduce evidence that Plaintiff was on bond for the misdemeanor charges, but they may not introduce evidence that Plaintiff was ultimately convicted for the same.

3

### *2. Evidence and Argument Suggesting Certain Witnesses were Former Defendants*

Plaintiff moves for an order barring introduction of evidence and argument that suggests that other individuals, including possible witnesses, were former named defendants in this case on the basis that such evidence is irrelevant and unduly prejudicial. Doc. [130] ¶ 2. Defendants respond that witnesses Randall Davis and Jonathan Alfaro[3] may need to testify that they were former defendants in order to provide important context to the case. Doc. [141] ¶ 2. That is not persuasive. Whether Davis and Alfaro used to be defendants is not relevant to whether Defendants Buscemi and Gonzales violated Plaintiff's constitutional rights. Fed. R. Civ. P. 401. Additionally, such evidence may improperly suggest to the jury that other individuals were responsible for his alleged constitutional injuries and that, because they were dismissed, Plaintiff's suit lacks merit. Accordingly, the Motion to exclude such evidence is granted.

### *3. Sequestration of Witnesses*

Plaintiff moves to require the sequestration of witnesses from the courtroom while any other witness is testifying, citing Federal Rule of Evidence 615. Doc. [130] ¶ 3 Defendants do not oppose that request. Doc. [141] ¶ 3. The Motion is granted.

### *4. Evidence of Plaintiff's Drug or Alcohol Use*

Plaintiff moves to exclude evidence related to his purported drug or alcohol use on the basis that such evidence is irrelevant and that its probative value is substantially outweighed by the risk of unfair prejudice. Doc. [130] ¶ 4 (citing Fed. R. Evid. 401 & 403). Defendants argue that Plaintiff purportedly disclosed to Saint Louis University Hospital doctors that he used drugs on the day in question. Doc. [141] ¶ 4.

"'[T]here is considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony.'" *Edwards v. Urban League of Neb., Inc.*, 2019 WL 300967, at *2 (D. Neb. July 10, 2019) (quoting *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987)). Courts therefore "must 'be chary in admitting such evidence when it is offered for the sole purpose of making a general character

---

[3] Davis and Alfaro were dismissed from this case because, as bail bondsmen, they were not acting under "color of state law" as required by 42 U.S.C. § 1983. Doc. [7] at 4 (citing *United States v. Rose*, 731 F.2d 1337, 1345 (8th Cir. 1984)).

4

attack." *Cameron*, 814 F.2d at 405. It may be appropriate, however, to introduce such evidence on cross-examination when "it bears directly on the witness's ability to perceive or recall events or to testify accurately about them." *Edwards*, 2019 WL 300967, at *2 (citing *United States v. Robinson*, 583 F.3d 1265, 1272, 1274-75 (10th Cir. 2009); *Kunz v. DeFelice*, 583 F.3d 667, 677 (7th Cir. 2008) (noting that while evidence of drug use may bear upon the witness's ability to recollect and relate events, it may not be used to raise the inference that "drug users tend to lie.").

Plaintiff intends to testify in his case. Doc. [128]. Therefore, his ability to accurately recollect the events of February 12, 2014, will be directly at issue. Defendants should be permitted to cross-examine Plaintiff regarding his drug use on the day in question to assist the jury in deciding how to credit his testimony. The Motion is therefore denied.

### B. Defendants' Motions

#### 1. Collateral Estoppel

a. Defendants have waived the defense of collateral estoppel.

Defendants move for an order barring Plaintiff from introducing evidence that would contradict issues that were necessarily decided by the jury in Plaintiff's related criminal case[4] based on the doctrine of collateral estoppel.

Defendants have waived their right to assert collateral estoppel. "Issues of res judicata and collateral estoppel are viewed as affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and must generally be pled or else they may be deemed waived." *Allan Block Corp. v. County Materials Corp.*, 2009 WL 1955588, at *10 (D. Minn. July 6, 2009). "Collateral estoppel may be raised at any stage of the proceedings, so long as it is raised at the first reasonable opportunity after the rendering of the decision having the preclusive effect." *Aetna Cas. and Sur. Co. v. General Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992).

Plaintiff's criminal appeal was denied on March 14, 2017. *See Jones*, 519 S.W.3d at 827. Plaintiff filed this action on December 14, 2017. Doc. [1]. Plaintiff's Complaint contains allegations identical to the facts Defendants now seek to preclude. Defendants were therefore on notice of Plaintiff's position regarding those facts as early as 2017. Despite that,

---

[4] *See State v. Jones*, 519 S.W.3d 818 (Mo. App. 2017).

5

Defendants did not raise the defense of collateral estoppel in any of their pleadings. They first asserted collateral estoppel in this Motion—which was filed 4 years and 2 months after the filing of the Complaint and nearly 5 years after the "rendering of the decision having the preclusive effect." *Aetna*, 968 F.2d at 711. Defendants thus did not raise the defense of collateral estoppel "at the first reasonable opportunity." *Id.* For that reason, the Motion to exclude on the basis of collateral estoppel is denied.[5]

                b.   Defendants' Motion for Leave to Amend is denied.

On March 1, 2022, Defendants filed a Motion for Leave to Amend Answers in order to plead collateral estoppel and cure the aforementioned defect. *See* Doc. [144]. Defendants urge the Court to grant their Motion pursuant to Federal Rule of Civil Procedure 15, under which a "court should freely give leave to amend a pleading when justice so requires." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "But parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman*, 532 F.3d at 715 (citation omitted). Courts may deny leave to amend if there are compelling reasons, such as undue delay or undue prejudice to the nonmoving party. *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). Due to Defendants' failure to raise this issue over the course of four years of litigation, the Court finds both present here.

Additionally, Defendants' Motion was filed nearly three years after the date required in the Case Management Order. *See* Doc. [28] ¶ 2 (deadline to amend pleadings was April 15, 2019). As such, the Motion must satisfy Federal Rule of Civil Procedure 16(b)'s good-cause standard. *Sherman*, 532 F.3d at 716. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* Courts routinely find that good cause exists "when an amendment is based on 'newly discovered facts.'" *Ferrell Mobile Homes, Inc. v. Champion Home Builders, Inc.*, 2018 WL 11326543, at *2 (E.D. Mo. Apr. 17, 2018). For example, this Court previously found good cause to exist when a plaintiff sought leave to amend four months after the deadline to amend pleadings, but prior to the close of

---

[5] As discussed at the pretrial conference, this finding in no way grants Plaintiff permission to relitigate the question of his guilt nor precludes Defense counsel from objecting to evidence related to his conviction on any other grounds.

discovery, on the basis of newly discovered information. *See Moore v. Compass Group USA, Inc.*, 2021 WL 6211387, at *2 (E.D. Mo. Oct. 13, 2021). Here, there is no new information Defendants could have discovered, and they have moved two years and ten months after the deadline to amend pleadings and two years and four months after the close of discovery. *See* Doc. [50] (discovery deadline was October 30, 2019). They have thus failed to demonstrate any attempt to meet the relevant deadlines. Defendants may not move at the eleventh hour to cure a defect years in the making. The Motion for Leave to Amend is denied.

### 2. *Internal Affairs Division Report*

Defendants move for an order barring the admission of Plaintiff's Exhibit 3—which contains a portion of the IAD report of the investigation that followed Plaintiff's complaint of officer misconduct against Defendants—on the grounds that the report is largely comprised of inadmissible hearsay. Plaintiff argues that the portions of the IAD report he intends to use are "statements by the [Defendants] about the incident" which are "admissible as admissions of a party opponent." Doc. [134] at 6. To the extent that Plaintiff intends to introduce statements of a party opponent that are contained in the IAD report, those statements are admissible under Federal Rule of Evidence 801(d)(2)(A). To the extent Plaintiff may seek to introduce other portions of the IAD report, the Court will entertain objections regarding any unfair prejudice related to those portions when and/or if they arise. Defendants' Motion is therefore denied.

### 3. *Initial Police Reports*

Defendants move for an order barring the admission of "the initial police report" and the "supplemental report" related to the underlying incidents in this case. Defendants acknowledge, however, that Plaintiff may use portions of those reports—specifically, Defendant Buscemi's statements in the reports—for impeachment purposes. Plaintiff acknowledges that, at present, he intends to use the reports only for impeachment purposes. Defendants' Motion is therefore denied.

### 4. *Evidence Concerning the In-Car Camera System*

Defendants move for an order barring Plaintiff from introducing evidence related to the absence of dash-cam video of the alleged assault and evidence related to the St. Louis Metropolitan Police Department's dash-cam policy. Evidence of the SLMPD dash-cam policy, the alleged violation of that policy, and the ultimate absence of dash-cam footage of the

7

alleged assault, is relevant to Defendants' credibility, and its probative value is not substantially outweighed by a danger of unfair prejudice. Defendants' Motion is therefore denied.

### 5. Defendants' Disciplinary History

Defendants move for an order barring Plaintiff from presenting evidence regarding Defendants' prior discipline or complaint histories as police officers. Plaintiff does not object. Defendants' Motion is therefore granted.

### 6. Evidence Concerning Medical Treatment and Causation for Plaintiff's Injury

Defendants move that Plaintiff be barred from testifying about his "complex eye injury and the need for future medical care" because he is a lay witness who is not competent to testify to such "sophisticated injuries." Plaintiff responds that he intends only to testify about the harm and pain he suffered to his eye in the assault and his symptoms after that assault, and does not intend to offer medical opinion testimony.

A lay witness can testify as to his own physical condition, including subjective symptoms like pain, bruises, cuts, and other injuries resulting from a beating. Testimony about the location and force of blows to his head, as well as the intensity and onset date of his pain is not a medical diagnosis or prognosis, is within the realm of lay understanding, and does not require special expertise. *See* Fed. R. Evid. 701; *see also United States v. Espino*, 317 F.3d 788, 797 (8th Cir. 2003) ("The general application of Rule 701 indicates that a lay witness may testify about facts within his or her range of generalized knowledge, experience, and perception."). Accordingly, to the extent Plaintiff offers this type of testimony, the Motion is denied. If Plaintiff's testimony at trial ventures into territory that would seem to require an expert opinion, Defendants may raise this issue again as necessary.

### 7. Philip March's Deposition Testimony and Unsworn Interview

Defendants move that Plaintiff be barred from introducing the deposition testimony of Philip March, arguing that it does not meet the conditions laid out in Federal Rule of Civil Procedure 32. Plaintiff argues that the deposition is admissible under Rule 32(a)(4).

Federal Rule of Civil Procedure 32(a)(4) permits a party to use "the deposition of a witness, whether or not a party, if the court finds . . . (B) that the witness is more than 100 miles from the place of hearing or trial . . . ; (D) that the party offering the deposition could

8

not procure the witness's attendance by subpoena; or (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used."

Plaintiff submits the sworn statement of the process server who tried to serve Mr. March with a subpoena, which describes the efforts to serve him, and states that a relative at Mr. March's last residence in the St. Louis area informed the process server that Mr. March could be not served because he moved to Texas. Plaintiff has shown that Mr. March is more than 100 miles away, Plaintiff could not procure his attendance by subpoena, and it is in the interest of justice to allow use of the deposition. Accordingly, the Motion is denied with respect to Mr. March's deposition testimony.

Defendants also move to bar the use of an unsworn recorded audio witness interview given by Mr. March prior to his deposition. Defendants argue that the interview is hearsay that doesn't fall within any exception in Federal Rule of Evidence 804. Defendants further argue that if the Court allows Plaintiff to introduce the statements, he may use only the recording and not the transcript, as the recording represents the "best evidence" available. Plaintiff argues that numerous statements in the interview are admissible as statements against Mr. March's interest pursuant to Rule 804.

Rule 804(b)(3) provides that hearsay is admissible as a statement against interest where a "reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true because, when made, it was . . . contrary to the declarant's proprietary or pecuniary interest.

Plaintiff argues that the statements by Mr. March indicating that a bounty hunter assaulted Plaintiff while he was in police custody are admissible as declarations against interest because Mr. March's employment involves working with bail bondsmen and police, and he feared that testifying about this incident would harm his ability to make a living. Plaintiff reminds the Court that Mr. March was reluctant to testify, and at his deposition he stated that he was scared to talk about the incident and refused to discuss the details of the assault. Plaintiff also argues that Federal Rule of Evidence 613(b) allows Mr. March's interview statements to be used to impeach subsequent statements made during his deposition, to the extent they are inconsistent with the deposition testimony.

9

The Court agrees that Mr. March's interview statements may be used to the extent they can be reasonably interpreted as statements against Mr. March's pecuniary interest, and may also be used for purposes of impeachment, to the extent such statements are inconsistent with his deposition testimony. The Court agrees with Defendants, however, that the recording represents the "best evidence" of the interview, and the recording should be used rather than the transcript. Accordingly, the Motion is granted in part and denied in part.

### *8. Mr. Essner's Ability to Testify*

Defendants move to bar Plaintiff's attorney Taylor Essner as a witness, or in the alternative, to disqualify him as an attorney. Plaintiff has listed Mr. Essner as a potential witness in case he is needed to authenticate the recording of the witness interview Mr. March gave on August 6, 2019, at Lewis Rice, at which Mr. Essner was present. Because Plaintiff has been unable to subpoena Mr. March, it is likely that Mr. March will not be present to authenticate the recording himself.

Missouri Rule of Professional Conduct 4-3.7 states that a lawyer cannot serve as both an advocate and a witness in the same trial unless one of three exceptions are met. *See Rule 4-3.7 - Advocate - Lawyer as Witness*, Mo. R. Gov. Bar Jud. 4-3.7. The three exceptions to the prohibition are where (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services; or (3) disqualification of the lawyer would work substantial hardship on the client.

Defendants assert that none of these exceptions is met here, arguing that the "authenticity of that recording is contested," (without explaining on what factual basis they dispute its authenticity), and that Plaintiff would suffer no hardship, as he has a second competent attorney. Plaintiff argues that Defendants have no basis to contest Mr. Essner's testimony that he attended the interview and the recording is a true representation of what was said. Plaintiff also argues that disqualifying Mr. Essner would work a hardship on Plaintiff, as Mr. Essner has been deeply involved in the case since the beginning and knows more about the case than his other attorney. The Court agrees with Plaintiff, and the Motion is therefore denied. Mr. Essner may testify as to this limited matter while simultaneously serving as Plaintiff's counsel.

> ***9. Evidence of Indemnification by the City and Reference to any Collateral Source***

Defendants move to bar Plaintiff from presenting evidence or argument related to the source of money that may be used to pay any judgment, and to bar reference to the government office that employs Defendants' counsel. Plaintiff does not object. Accordingly, the Court grants the Motion in this respect.

Accordingly,

**IT IS HEREBY ORDERED** that, as set forth above, Plaintiff's Motions in Limine, Doc. [130], are **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that, as set forth above, Defendants' Motions in Limine, Doc. [132], are **GRANTED in part** and **DENIED in part**.

**IT IS FINALLY ORDERED** that Defendants' Motion for Leave to Amend Answers, Doc. [144], is **DENIED**.

Dated this 4th day of March, 2022.

*[signature]*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE